# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVE HOPPER and BONNIE CONE,**

        **Plaintiffs,**

**-vs-**                                                **Case No. 6:05-cv-1176-Orl-22DAB**

**MITSUKOSHI USA, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 41)**
>
> **FILED:**       **February 22, 2006**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

      This is an action for employment discrimination under the Florida Civil Rights Act, in which Plaintiffs allege that they were illegally discriminated against due to their age and ethnic background/national origin. In her motion, Plaintiff Bonnie Cone (herein "Plaintiff") seeks summary judgment as to the issue of whether she voluntarily resigned or was fired from her employment with Defendant. For the reasons set forth herein, it is **respectfully recommended** that the motion be **denied.**

## *STATEMENT OF FACTS*

At issue is the legal effect of a finding by a state unemployment compensation referee that Plaintiff was entitled to unemployment compensation benefits.

For purposes of this motion, the pertinent facts are not in dispute. Plaintiff left Defendant's employ on June 26, 2004 and filed for unemployment benefits (Doc. No. 41 at 19-20). On August 6, 2004, the state Agency for Workforce Innovation issued a Notice of Determination that unemployment benefits were not payable, because Plaintiff "quit due to dissatisfaction with the job" and "the reason for quitting was not attributable to the employer" in accordance with Section 443, Florida Statutes. *Id.* at 16. Plaintiff administratively appealed that determination and requested an administrative hearing before a referee. *Id.* at 15.

A Notice of Unemployment Compensation Telephone Hearing was sent to Plaintiff in Orlando, and to Defendant, in care of a post office box in St. Louis, Missouri. *Id.* at 13-4.[1] As set forth in the Notice:

> The issues involved in this appeal:
> SEPARATION: Whether the claimant was discharged for misconduct connected with work or voluntarily left work without good cause, as provided in Sections 443.101(1), (9), (10), (11); 443.036(29), Florida Statutes and Rule 60BB 3.020, Florida Administrative Code.

*Id.* at 13.

Defendant did not appear at the unemployment compensation hearing and did not litigate any of the issues in the appeal (Doc. No. 45-2). Plaintiff did attend and testified under oath (Doc. No. 41 at 8). On September 22, 2004, the Appeals Referee issued a decision reversing the initial determination and finding that Plaintiff had shown "good cause for quitting attributable to the

---

[1] The hearing was apparently rescheduled and another notice was sent. Doc. No. 41 at 12.

employer." *Id.* at 10-11. Specifically, the Appeals Referee found that: "It was shown that the claimant quit because her managerial duties were removed from her until the only duties remaining to her were those of a secretary." *Id.* at 11.

There is no evidence that Defendant appealed this decision, and Plaintiff received unemployment compensation benefits.

### *STANDARDS OF LAW*

Entry of summary judgment is proper when the party can show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56(c). The substantive law applicable to the case determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323. In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

### *ISSUES AND ANALYSIS*

Plaintiff contends that she is entitled to summary judgment "on the doctrine of res judicata." More particularly, the motion appears to seek a determination that due to the finding of the state agency referee, Defendant is barred from asserting its affirmative defense that Plaintiff was not terminated from her employment, but quit voluntarily. As explained herein, the doctrine of res

judicata does not support this conclusion, and Plaintiff has failed to otherwise meet the standard for summary judgment as to this issue.

Both sides cite to a Florida case as setting forth the controlling law as to this issue; *Neidhart v. Pioneer Federal Savings and Loan Association,* 498 So.2d 594 (Fla. 2d DCA 1986).[2] In *Neidhart,* the issue was whether to give preclusive effect to the decision of an unemployment compensation appeals referee in a subsequent action asserting that the employer wrongfully discharged claimant for responding to a summons for jury duty. There, the Florida appellate court noted the required elements of a finding of res judicata:

> That doctrine requires that the judgment reflect: (1) identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties of the action; and (4) identity of the quality in the person for or against whom the claim is made. *See Donahue v. Davis*, 68 So.2d 163 (Fla.1953); *Cole v. First Development Corp. of America,* 339 So.2d 1130 (Fla.2d DCA 1976).

498 So.2d at 596. In holding that the doctrine did not apply to the issue of the employer's liability under Fla. Stat. § 40.271 (the state law that prohibits employers from dismissing employees because of their jury service), the *Neidhart* court noted that the identity of the thing sued for and identity of the cause of action were lacking. *Id.* at 596.

> The issue of whether Pioneer is liable under section 40.271(3) is not identical to the finding of the Unemployment Compensation Appeals referee that Neidhart was not discharged for misconduct, as defined in section 443.036(24), Florida Statutes (1985). In the unemployment compensation appeal, Neidhart was seeking benefits as a result of his unemployment. Since Pioneer had terminated his employment, he only had to show he was not discharged for misconduct at work to receive those benefits. Here,

---

[2] As this state law action is before this court on diversity jurisdiction, the Court looks to the substantive law of the state. *See Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.,* 420 F. 3d 1317, 1326 fn. 5 (11th Cir. 2005). Collateral estoppel is an issue of substantive law requiring the application of state law in diversity actions. *Richardson v. Phillips Petroleum Co.*, 791 F.2d 641, 643 (8th Cir. 1986); *Branca by Branca v. Security Ben. Life Ins. Co.,* 773 F. 2d 1158 (11th Cir. 1985) (the effect of a Florida probate decree in a subsequent diversity action on life insurance policies must be determined by Florida law).

> however, he sought compensatory and punitive damages against Pioneer for having been wrongfully discharged for responding to a jury summons. Thus, he had to show that his discharge from Pioneer resulted in a violation of section 40.271(3) for which he was entitled to compensatory damages distinct from unemployment compensation benefits.

*Id.* The court further noted that nothing in any judgment obtained in the court action would impair any rights already vested from the determination in the unemployment case. *Id.*

That rationale is equally applicable to the instant facts. This is not an action for unemployment benefits; it is an action for compensatory damages pursuant to the FCRA. In order to recover here, Plaintiff must show not that the separation was "attributable to the employer," but that the separation was attributable to unlawful discrimination. Moreover, in the earlier proceeding, Plaintiff sought and received unemployment compensation benefits. These are, indeed, distinct from the compensatory damages she seeks here.[3] As the causes of action are not identical and there is no identity of the thing sued for here, res judicata simply does not apply.

Nor can Plaintiff rely on the related concept of collateral estoppel. As noted by both federal and Florida courts, the doctrines of collateral estoppel and res judicata are similar, but have important differences.

> Although in a broad, general sense the term "res judicata" encompasses the concept of collateral estoppel, strictly speaking they do have distinct meanings. In its narrower sense res judicata bars a second suit involving the same parties and same cause of action on all matters that were part of the first suit and all issues that could have been litigated. *Johnson v. United States*, 576 F.2d 606, 611 (5th Cir.1978). The doctrine of

---

[3]Plaintiff contends that she is seeking only compensation benefits, in that she "is not seeking at this time and has not been given permission by This Honorable Court to add a claim for punitive damages from Defendant." This contention is unpersuasive. Even if one were to exclude the possibility of a punitive damage award (and Plaintiff stops short of waiving the claim entirely, noting only that she does not presently seek same), unemployment compensation benefits are not the same as the compensatory damages ("including lost wages, economic losses, non-economic losses, mental anguish, pre-judgment interest, attorney fees, court costs, and all other relief deemed just and proper") Plaintiff demands in the Complaint. *See* Doc. No. 2.

> collateral estoppel precludes relitigation only of issues that were actually litigated in the initial suit, whether or not the second suit is based on the same cause of action. *Id.*

*Precision Air Parts, Inc. v. Avco Corp.*, 736 F.2d 1499, 1501 (11th Cir 1984).

> Collateral estoppel applies even when a present and former cause of action are different and it bars relitigation of specific issues--"that is to say points and questions"--that were actually litigated and decided in the former suit. *See Gordon v. Gordon*, 59 So.2d 40, 44 (Fla.1952); *GLA & Assoc., Inc. v. City of Boca Raton*, 855 So.2d 278, 281 (Fla. 4th DCA 2003).

*Zikofsky v. Marketing 10, Inc.*, 904 So.2d 520, 525 (Fla 4th DCA 2005).

The essential elements of the doctrine are that the parties and issues be identical, and that the particular matter be fully litigated and determined in a contest which results in a final decision of a court of competent jurisdiction. *Department of Health and Rehabilitative Services v. B.J.M.*, 656 So.2d 906 (Fla.1995); *Mobil Oil v. Shevin*, 354 So.2d 372 (Fla.1977).

Applied here, Plaintiff fails to establish a commonality sufficient to warrant preclusion. As set forth above, the issue in the unemployment compensation proceeding was: "Whether the claimant was discharged for misconduct connected with work or voluntarily left work without good cause, as provided in Sections 443.101(1), (9), (10), (11); 443.036(29), Florida Statutes and Rule 60BB 3.020, Florida Administrative Code." This is not identical to the issue of whether Defendant is liable for discrimination against Plaintiffs in violation of the Florida Civil Rights Act. Even if we were to narrow the issue here down to why Plaintiff left her employment, a finding of "good cause" within the meaning of a state unemployment compensation statute has not been shown to be the equivalent of a finding of constructive discharge due to discriminatory practices.[4] Plaintiff has not shown that

---

[4] Under the FCRA, "To establish constructive discharge, the employee must demonstrate, under an objective standard, that the employer, *by its illegal discriminatory acts,* made working conditions so difficult that a reasonable person in his or her position would feel compelled to resign." *McCaw Cellular Communications of Florida, Inc. v. Kwiatek*,

(continued...)

the identical issue is present here.[5] As Plaintiff has not made that threshold showing, Plaintiff cannot establish entitlement to collateral estoppel, as a matter of law.

Absent application of preclusion principles, it is clear that the record presents genuine issues of material fact regarding Plaintiff's separation from her employment, and summary judgment is not appropriate. *Compare* Plaintiff's Affidavit (Doc No. 41) with the Affidavit of corporate representative Yutaro Iwamura (Doc. No. 45-2). As such, it is **respectfully recommended** that the motion be **DENIED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 21, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[4] (...continued)
763 So.2d 1063,1066 (Fla. 4th DCA 1999), *citing Steele v. Offshore Shipbuilding, Inc.*, 867 F.2d 1311, 1317 (11th Cir.1989)(emphasis added).

[5] As this point is dispositive, the Court need not address the other factors, save for noting that it is undisputed that Defendant did not appear or litigate any matter in connection with the unemployment benefits proceeding.